RECEIVED
MAY 10 2022
CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

STEPHEN P. KELLY,          CIVIL (RICO)
General Delivery.          COMPLAINT 18 U.S.C.
U.S. Post office.                 1962.
Missouri Valley, I.A. 51555,
   Plaintiff,

vs.

GRACE COMMUNITY CHURCH, an Iowa corporation, and BRAD WESTERCAMP, in his official capacity, 300 E. Erie St., Missouri Valley, Iowa 51555.
   Defendant(s).

(1)

## COMPLAINT

Comes now the Plaintiff in the above styled action and does show cause for complaint as follows:

(1) This is an action sustained by, STEPHEN P. KELLY, hereinafter, Plaintiff KELLY, and sues the defendant's jointly, GRACE COMMUNITY CHURCH, an Iowa corporation, and BRAD WESTERCAMP, in his official capacity, alleging:

(A) Common Law fraud, (B) Racket-eering and corrupt organization, (C) unlawful concealment of Benevolence funds, and (d) corrupt trusted enterprise.

## PARTIES

(2) Plaintiff STEPHEN P. KELLY, is a pauper class of person, and is on limited income and has in-fact sought benevolence assistance from corporate defendant's, the

(2)

Grace community church, and from its primary pastor, Brad Westercamp, acting in his official capacity.

(3) Corporate defendant's, Grace community church, is an Iowa corporation, and a religious based entity at which obtains a benevolence fund, owned and governed by the Missouri Valley-ministerial association, which exists as a combined and joint group of church's as such.

(4) Capacity defendant, Brad Westercamp, is the chief executive officer over the entire ministerial association, and he is charged by policy of the association in which to distribute those concise funds in accordance with those indigent person's in need within the realm of Missouri Valley, Iowa.

NATURE OF THE CASE

(5) This concise case is predicated upon the aspects of civil (RICO),

(3)

where a <u>corrupt enterprise exists</u>, in that, the concise <u>predicate acts</u> at the hands of joint defendant's violates the "<u>[Racketeering]</u>" clause, where the concise events has <u>clearly nudged over the legal threshold into</u>, and <u>very short of a ten (10) year time period</u>, as is required under (RICO)!

(6) This specific civil (RICO)-complaint is in fact <u>plausible upon its face, and clearly obtains plausibility instead of mere possibility</u>!!

(7) <u>A related case in fact exists</u> in the matter of; Laura A. Gaddy, vs. The President of the corporation of the church of Jesus Christ of Latter-Day Saints, in the District of Utah federal <u>court where United States magistrate judge in fact ruled that a church can in fact be sued for fraud</u>, thus not because of its mere religious belief, U.S. magistrate judge, Dustin Pead case No. #2:19-CV-00554-RGS-D.b.P.

(4)

## JURISDICTION AND VENUE

(8) This federal court obtains subject matter jurisdiction over this case pursuant to the federal RICO act upon the civil aspects of law, 18 U.S.C. § 1962. (Racketeering and corrupt enterprise!

(9) Plaintiff STEPHEN P. KELLY, is a citizen of the United States, and is a resident of the state of Iowa, and has resided in the state of Iowa at all times material to this action.

(10) corporate defendant's, GRACE COMMUNITY CHURCH, is an Iowa corporation, and obtains its principal place of business in the state of Iowa, and has done business solely in Iowa at all times material to this action.

(11) capacity defendant, BRAD WESTERCAMP, is a resident of the state of Iowa, and has resided in the

(5)

State of Iowa at all times material to this action.

(12) Venue is proper in the Southern District of Iowa because each event giving rise to this action accrued in the Southern District of Iowa. 28 U.S.C. § 1391.

STATEMENT OF FACTS

(13) Commencing during the month of June, 2021, defendant Westercamp, was assigned as the primary overseer of the Missouri Valley-Ministerial association, and is charged by joint church policy in which to fairly and equally distribute certain benevolence funds accordingly as needed by those public indigent person's!

(14) Throughout a time window of nine consecutive month's, capacity defendant Brad Westercamp, in fact falsely claimed that he had in fact assisted a large numeration of indigent person's with benevolence monie's/fund's generated from the

<u>Missouri Valley Ministerial association</u>, however upon such time at which the concise <u>benevolence account was in fact audited, as to concisely where a large volume of dollar's had been placed</u>, the specific monie's deducted from the benevolence account could clearly not be sufficed!!!

(15) Upon Plaintiff KELLY, inquiring with numerous other local church's within the realm of Missouri Valley - Iowa, there in fact existed further question per several church pastor's, of the concise location of an excessive financial amount of, $28,000, at which are now, and to date, missing from the specific benevolence fund governed, and controlled at the hands of defendant - pastor Brad Westercamp!

(16) Provided information per joint church's within the confines of the Missouri Valley Ministerial association, defen- -dant Westercamp, still, and

(7)

has been, deducting and taking a large amount of funds from the official benevolence fund sufficing his sole self gain, rising to the civil aspects of, (RICO)-and (racketeering)!!!

(17) Plaintiff KELLY, here obtains legal standing where he was in fact violated and deprived the requested assistance for benevolence at the hands of defendant Westercamp, where defendant Westercamp, in fact most falsely quoted to KELLY, that the entire benevolence fund for the missouri Valley ministerial fund/association was clearly drained!

(18) Plaintiff KELLY, was clearly denied, and deprived of financial assistance at the hands of defendant Westercamp, in result of the <u>activity of fraud engaged into per defendant Westercamp, upon a pattern far more than twice, or even Ninteen estimated times in</u>

(8)

a ten (10) year time window.

### CLAIM ONE

(19) Defendant, obtaining official oversight of a corporation, has in a corrupt pattern engaged into a severe predicate act of racketeering in a time frame in excess of twice within a ten (10) year period! (RICO).

### CLAIM TWO

(20) Defendant, has engaged into a predicate act of unlawful concealment, and keeping for self gain a large amount of finances placed into a trust account sufficing benevolence funds in which to be distributed by defendant to those indigent partie's in need!

### CLAIM THREE

(21) Plaintiff, here to this action obtains plausible

(9)

Legal standing, in that, he was in fact violated, and deprived financial benevolence assistance by the capacity defendant, and was a subject of, (RICO), and racketeering at the hands of natural defendant, acting in his official capacity, where Plaintiff suffered loss of financial assistance pursuant to defendant's personal financial gain!

## RELIEF

WHEREFORE, upon the premises considered, Plaintiff request the entry of a judgment as follows:

(A) Civil jury trial requested.

(B) The entry of an order finding that a (RICO) predicate act of racketeering has rose, and that in result of a corrupt trusted enterprise, a financial trust has been violated!

(10)

(C) A <u>recommendation per this Hon. court,</u> that the united states Attorney's office shall consider <u>criminal prosecution</u> upon joint defendant's, corporate and natural, <u>in addition to the civil aspects of this case!</u>

(D) <u>civil</u> financial awards in an amount of; $865,000.

(E) Punitive damage awards in an amount of, and as <u>deemed proper by this Hon. court.</u>

I declare under penalty of perjury the foregoing to be true and correct upon information and belief.

Signed this 2nd Day of May, 2022.

_____
(SIGNATURE OF PLAINTIFF)

(11)

Clerk, enclosed exists, (a) an original civil complaint-signed, and dated by me, (b) an I.F.P., application also signed and dated by me, and (c) a motion to direct service of process also signed and dated per me.

Only, an original civil complaint is required at the cause that any service copies, if so ordered, will then be generated directly out of your offices official computer system, obtaining the assigned case numeration. (official court copie's).

Please mail to me the official notice of case opening document at my Missouri Valley, Iowa mailing address upon the face of the civil complaint.

Thank you so much!

Stephen P. Kels



Stephen Kelly.
General Delivery.
Main office.
U.S. Post office.
M.O. Iowa 51555.

 

U.S. POSTAGE PAID
FCM LG ENV
MISSOURI VALLEY, IA
51555
MAY 02, 22
AMOUNT
$1.76
R2305H126701-09

1023   51501

RECEIVED
MAY 10 2022
CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Clerk, U.S. Dist. Court.

Federal courthouse.

United States Dist. Court.

```
USDI008   51501-RFS-1122        05/03/22
NOTIFY SENDER OF NEW ADDRESS
:US DISTRICT COURT
2146 27TH AVE #600
COUNCIL BLFS IA 51501-6985
```

13,
01

Handle with Care • Prenez soin